UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHRISTOPHER SHORTER,

    Plaintiff,

v.                                                      Case No. 4:19cv143-MW-HTC

UNITED STATES OF AMERICA,
Lieutenant, Special Investigative
Supervisor LT. BITTNER,
MD/CCHP CARL SCEUSA,
PREA Compliance Manager UNKNOWN,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Transfer Case to the District of New Jersey (ECF Doc. 24) and the Plaintiff's response thereto (ECF Doc. 25). This matter was initially filed in the United States District Court for New Jersey, Camden Vicinage, and was transferred from that court on March 25, 2019, pursuant to 28 U.S.C. § 1404(a). ECF Docs. 20, 21. The order transferring the case was entered before the Defendants were properly served or appeared. Now that Defendants have appeared, they seek to have the case transferred back to the District of New Jersey. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1). For the reasons which follow, the undersigned respectfully recommends that the case be transferred to the District of New Jersey.

I.       **Procedural Background**

Plaintiff Christopher "Chrissy" Shorter, proceeding *pro se* and *in forma pauperis*, initially filed this *Bivens*[1] suit, against ten (10) individuals, including several officials of Fort Dix Federal Correctional Institution ("Fort Dix FCI"), in the District of New Jersey. ECF Doc. 12 at 6-8. At the time Plaintiff filed this suit, she was an inmate at Miami FCI in Miami, Florida, located in the Southern District of Florida. ECF Doc. 1 at 3-4. Plaintiff's complaint arises out of events that occurred while she was incarcerated at Fort Dix FCI, an institution located in the District of New Jersey. The crux of her complaint is that she arrived at Fort Dix FCI as a transgender inmate "at risk" for sexual victimization, that Defendants were aware of Plaintiff's status and that Defendants failed to protect Plaintiff, intervene to prevent or stop assaults against Plaintiff and failed to investigate assaults against Plaintiff (ECF Doc. 12 at 12-14). She also asserts a claim against the United States under the Federal Tort Claims Act ("FTCA") arising out of the same events and alleged wrongful conduct. *Id.* at 14-19.

Plaintiff's original complaint was filed on October 23, 2017. ECF Doc. 1. Upon screening, the District Court administratively terminated the case, subject to it being reopened after Plaintiff submitted a proper and completed IFP application. ECF Doc. 2. The District Court further advised Plaintiff of certain deficiencies with

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 392 (1971).

her *Bivens* claims, and "reserve[d] the *Bivens* issue until such time as Plaintiff states a cognizable Due Process Claim." ECF Doc. 2 at 16. The District Court reviewed the FTCA claim and stated that if the Plaintiff did not file an amended complaint, the Court would dismiss the *Bivens* claim without prejudice and allow only the FTCA claim to proceed. ECF Doc. 2 at 17. The Plaintiff filed her amended complaint on June 5, 2018 (ECF Doc. 7)[2], and the District Court reopened the matter on January 22, 2019. ECF Doc. 10.[3]

On February 4, 2019, Plaintiff filed a notice of change of address and a motion to transfer venue under 28 U.S.C. § 1404, seeking to have the case transferred to the Northern District of Florida, on the basis that she is to be released from prison on February 14, 2019, and will be moving to Quincy, FL, a city located in the Northern District of Florida. ECF Doc. 13; ECF Doc. 14 at 1.

On March 25, 2019, the United States District Court for the Northern District of New Jersey issued an opinion and order granting Plaintiff's motion to transfer. ECF Docs. 20, 21. In the District Court's opinion, the court found that "Plaintiff's

---

[2] Although the docket shows a "second amended complaint" as having been filed on January 22, 2019, that "second amended complaint" is the June 5, 2018 amended complaint. ECF Doc. 12.

[3] In the District Court's order reopening the case, the court allowed Plaintiff's Fifth Amendment Due Process claim for failure to investigate her sexual assault to proceed as to Defendants Lieutenant Bittner, Dr. Carl Sceusa and John Doe PREA compliance manager. The court also allowed Plaintiff's FTCA claim to proceed. The court dismissed without prejudice Plaintiff's Eighth Amendment claims, her FTCA claim based on failure to investigate and her Fifth Amendment claims as to all other defendants. ECF Doc. 10.

Case No. 4:19cv143-MW-HTC

pro se status, lack of financial resources, and her release from prison to a residence within the Northern District of Florida, Tallahassee Division makes that District Court the most convenient forum." ECF Doc. 20 at 3.

## II.   Analysis

Defendants seek to have this case transferred back to the District of New Jersey on two grounds.  First, they seek a transfer under 28 U.S.C. § 1406(a), on the ground that venue in this district is improper.  Second, they contend that even if venue in this district is proper, the case should be transferred under § 1404(a) because the District of New Jersey is a more convenient forum.  Because the undersigned finds that venue in this district is improper, the undersigned need not address the Defendants' *forum non conveniens* argument.

Pursuant to 28 U.S.C. § 1406(a), "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  Defendants argue that because this case could not originally have been brought in this district, it was improvidently transferred under 28 U.S.C. § 1404(a).  *See Miot v. Kechijian*, 830 F. Supp. 1460, 1466 (S.D. Fla. 1993) (denying motion to transfer to the District Court for North Carolina because the action could not have originally been brought in that district

under 28 U.S.C. § 1391(a)).  Thus, Defendants argue this case must be transferred to the District of New Jersey.

Under 28 U.S.C. § 1404(a), a court may transfer a case "[f]or the convenience of the parties and witnesses [or] in the interest of justice" "to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  When venue is contested, determining whether to transfer a case under § 1404(a) involves two inquiries: "First, the court must determine whether the action could originally have been brought in the proposed transferee district court," and "[s]econd, the court 'must determine whether the action should be transferred for the convenience of the parties and the interest of justice.'"  *See APR, LLC v. American Aircraft Sales, Inc.*, 985 F. Supp. 2d 1298, 1303 (M.D. Ala. 2013) (citing *C.M.B. Foods, Inc. v. Corral of Middle Georgia*, 396 F.Supp.2d 1283, 1285 (M.D. Ala. 2005)).  Thus, to determine whether this case is laying in the wrong venue, the undersigned must consider whether this case could originally have been brought in this district.

As stated above, Plaintiff has filed a claim under *Bivens* and an FTCA claim.  Proper venue for those claims are determined by 28 U.S.C. § 1391(b) and 28 U.S.C. § 1402(b), respectively.  Section 1391 provides the venue for Plaintiff's *Bivens* claims.  *See New Alliance Party of Ala. v. Hand*, 933 F.2d 1568, 1570 (11th Cir. 1991) (per curiam) (applying Section 1391(b) venue provision to Section 1983

action). Under 1391(b) Plaintiff's action can be brought in any of these three districts:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The Northern District of Florida satisfies none of these provisions for the instant case, and the District of New Jersey satisfies the first two. That is, all the defendants reside in the District of New Jersey, and all the events or omissions giving rise to the claim occurred at Fort Dix FCI, which is located in the District of New Jersey.[4]

Under §1402(b), venue for Plaintiff's action under the FTCA is proper (1) in the judicial district where the plaintiff resides or (2) wherein the act or omission complained of occurred. Venue is determined based on the facts at the time the complaint was filed. *See Flowers Industries, Inc. v. F.T.C.*, 835 F.2d 775, 776 n. 1 (11th Cir. 1987) ("[a]lthough Flowers began the process of changing its incorporation to Georgia while this case was pending, we give no weight to this

---

[4] In the District Court's opinion, the Court noted that that the individual defendants reside in New Jersey and the actions giving rise to the Amended Complaint occurred in New Jersey. ECF Doc. 20 at 3.

Case No. 4:19cv143-MW-HTC

change because venue must be determined based on the facts at the time of filing"). As stated above, at the time the complaint was filed, Plaintiff was a resident of the Southern District of Florida. Accordingly, Plaintiff's FTCA claim could have been brought in the Southern District of Florida or the District of New Jersey. It could not originally have been brought in this district.

Since this action could not originally have been brought in this district, the question then becomes whether "all parties consented" to the transfer. *See* 28 U.S.C. § 1404(a). In the District Court's opinion, the court noted that "Defendants did not oppose the motion to transfer." ECF Doc. 20 at 2. Defendants argue, however, that they were not properly served until after the court issued its transfer order. ECF Doc. 24 at 6.

A review of the docket shows that summonses were issued to the Defendants on February 11, 2019, and were returned executed on March 5, 2019. ECF Docs. 16, 17. However, on March 20, 2019, the United States Attorney notified the court that service had not been perfected on the Defendants because no service had been effected on the United States as required under Fed. R. Civ. P. 4(i)(3) (requiring service on a federal employee being sued in his individual capacity to be made on both the individual employee and the United States). Because Defendants had not been properly served, Defendants could not have consented to have this matter transferred to the Northern District of Florida. *See Hoffman v. Blaski*, 363 U.S 335,

343 (1960) ("[a] defendant, *properly served with process* by a court having subject matter jurisdiction, waives venue by failing seasonably to assert it, or even simply by making default") (emphasis added).

Accordingly, the undersigned finds that venue is not proper in this district and the case should be transferred to the District of New Jersey. *See Kravec v. Chicago Pneumatic Tool Co.,* 579 F.Supp. 619, 623 (N.D. Ga. 1983) ("[b]ecause venue in the Northern District of Georgia is clearly improper … this court must either dismiss the Title VII claim or transfer it pursuant to 28 U.S.C. § 1404"); *Boyer v. J.A. Majors Co. Emp. Profit Sharing Plan*, 481 F. Supp. 454, 459 (1979) ("[s]ince venue has been laid on the wrong district, the Court has the option of either dismissing the case or transferring it to the district 'in which it could have bene brought.'").

### III.  Conclusion

Accordingly, it is respectfully RECOMMENDED:

1.  That Defendants' Motion to Transfer Case to the District of New Jersey (ECF Doc. 24) be GRANTED.

2.  That the clerk TRANSFER this case to the United States District Court for the District of New Jersey.

3.  That the clerk close the file.

At Pensacola, Florida, this 17th day of July, 2019.

>*/s/ Hope Thai Cannon*
>**HOPE THAI CANNON**
>**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 4:19cv143-MW-HTC